right of the grandmother to draw out the money, and the mother, Jennie Belcher, did not give notice that she still objected to the payment to the grandmother, then the bank in paying out the money to the grandmother violated no duty to this child, and the mother for the child would be estopped by her silence from claiming this deposit, and the defendant bank would be entitled to recover, and the form of your verdict would be, 'We, the jury, find for the defendant.' "

PEABODY, BRANNON & HATCHER, for plaintiff in error. GOETCHIUS & CHAPPELL, *contra.*

---

COOPER *v.* THE STATE.

An indictment under the act of 27th September, 1883, for a felony by breaking and entering a railroad car with intent to steal, and after entering stealing therefrom, must allege the ownership of the car, and such allegation is not included in an averment that the car was on a certain named railway in the county. The indictment was defective in substance, and should have been quashed on special demurrer.                     *Judgment reversed.*

April 4, 1892. By two Justices.

Criminal law. Indictment. Breaking railroad car. Before Judge ROBERTS. Pulaski superior court. November adjourned term, 1891.

The indictment charged Cooper, Horne, Madison and Horne with larceny from a railroad car, for that, on the 9th of August, 1891, in Pulaski county, they "did break and enter a certain railroad car on the East Tennessee, Virginia and Georgia railway in said county, with the intent to steal goods and freight, and after breaking and entering said railroad car, did then and there steal therefrom and wrongfully and fraudulently take and carry away 600 pounds of meat, the same being white hog-meat therein of the value of fifty dollars, of the personal goods and property of the East

Tennessee, Virginia and Georgia Railway Company, from the said railway car, with the intent to steal the same." A special demurrer to the indictment was overruled, and Cooper, who was tried separately, excepted. One of the grounds of demurrer was, that the ownership of the car was not alleged.

MARTIN & SMITH, by brief, for plaintiff in error.

TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, contra.

---

## HOLLAND & TYE v. VAN BEIL & FISKE.

1. A general agency of one who sells a bill of goods for another cannot be established by his declaration made at the time of the transaction to the effect that he was the general agent of the other and had the whole southern territory.

2. An agent who sold goods for the price of which a negotiable promissory note payable to his principal or order was given, has no implied authority, before the maturity of the note and without having the same in his possession, to allow a discount upon the amount of the note and receive payment of the balance. In order to discharge the makers by such payment, it would be necessary to prove either express authority or a general agency from which authority could be inferred, or establish a ratification by the principal.

3. No ratification could be inferred from mere forbearance to bring suit on the note for a length of time short of the period of limitation, without some evidence of knowledge by the principal that the payment had been made.

4. The foregoing propositions would rule the case on its merits, with the result of affirming the judgment. But on looking to the judge's certificate to the bill of exceptions, the same not stating that the bill of exceptions contains (or specifies) all of the evidence material to a clear understanding of the errors complained of, and not mentioning the evidence at all, there is no valid writ of error. *Writ of error dismissed.*

April 27, 1892. By two Justices.

Agency. Evidence. Payment. Ratification. Promissory note. Practice in Supreme court. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.